# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TAMI GAYE HILL | ) | CASE NO. 07-34157 |
| | ) | CHAPTER 13 |
| Debtor | ) | |
| _____ | ) | |

## MEMORANDUM

This case comes before the Court on the Debtor's Objection to Claim. In the objection, the Debtor asserts that the $3,937.92 claim filed by Roundup Funding, LLC ("Roundup"), should be disallowed because the Debtor had no direct relationship with Roundup and that the proof of claim contained insufficient documentation. Roundup filed an extensive response alleging that it is the successor in interest to Chase Bank USA, N.A. ("Chase"), a creditor listed in the Debtor's sworn schedules. With respect to the insufficient documentation allegation, Roundup argued that the failure to provide sufficient documentation is not grounds for claim disallowance.

On July 7, 2008, the Debtor filed an Amended Objection To Claim of Roundup Funding LLC (the "Amended Objection"). In the Amended Objection, the Debtor alleged that Roundup failed to establish that it is the assignee of Chase and failed to provide evidence of the assignment. Debtor also argued that the transfer of interest violated K.R.S. § 372.060, which precludes a party from buying an interest in a lawsuit. Finally, the Debtor alleged that Roundup paid only a nominal consideration for this debt, notwithstanding the fact that this Debtor's plan of reorganization would pay 100% to creditors. According to the Debtor, allowing Roundup to recover 100% on a debt purchased for a nominal consideration unjustly enriches Roundup and provides a windfall to Roundup.

Roundup responded to the Amended Objection and attached the Assignment of Accounts

from Chase Bank USA, N.A. to B-Line, LLC, and a Bill of Sale dated February 21, 2008, wherein Chase sold 3830 accounts to B-Line, LLC. The Debtor's account was one of the accounts included in the sale. Roundup also attached an Assignment of Accounts from B-Line, LLC, to Roundup Funding, LLC, dated February 22, 2008. Roundup also disputed the application of K.R.S. § 372.060, noting that the purpose of that statute is to prevent the trading in lawsuits, and not prevent the sale of accounts. Finally, Roundup stated that the Debtor offered no authority that would prevent a creditor from benefitting from a discounted purchase price.

The Court initially addresses the Debtor's second argument that this transfer violated K.R.S. § 372.060. The Court fully agrees with Roundup that K.R.S. § 372.060 has no bearing on the facts presented. The Debtor asserts in her brief that the statute renders unenforceable any effort to sell an interest in a lawsuit. However, but then acknowledges that no lawsuit has been filed. Thus, there could be no transfer in an interest of a lawsuit. The Court struggles to understand how the Debtor could posit such an argument in light of these facts. The Debtor uses terms such as "lawsuit" and "action" in her brief on this point, yet fails to identify any "lawsuit" or "action" that would even remotely trigger this statute. Under the Debtor's specious reasoning, no claim could ever be sold or transferred because a lawsuit could result if the acquiring party were required to enforce collection of the debt. The Court absolutely rejects this reasoning.

With respect to the third argument, that Roundup will receive a windfall, again the Debtor's argument defies common sense and the law. The Debtor somehow equates the transfer of accounts with equitable subrogation. The Court has been unable to find any authority to support the Debtor's tortured logic. The Court again agrees with Roundup that the consideration paid for these accounts has absolutely no bearing on the allowance or disallowance of this claim and will not dignify the argument with further discussion.

The Debtor's first argument, that Roundup cannot directly trace this account to Chase, merits some discussion, but is still not persuasive. Indeed, Roundup refuted this point by attaching a Bill of Sale and Assignment of Accounts from Chase to B-Line and an Assignment of Accounts from B-Line to Roundup. The Debtor has offered nothing to rebut that her account was included in this transfer. Moreover, the Debtor admitted a debt to Chase in her schedules, and the amount of the proof of claim filed by Roundup is almost identical to the amount admitted as owing to Chase. In light of the documents provided by Roundup, to continue to argue that these debts are not one and the same is disingenuous at best.

Finally, the Court feels compelled to add that the Debtor's attempt to disallow a claim which she admits owing raises serious questions about the good faith of the Debtor. Indeed, it appears that it is the Debtor who seeks a windfall in this case by attempting to disallow an admitted debt. While the Court appreciates zealous advocacy, it must question the judgment of Debtor's counsel in pursuing these specious contentions. By pursuing contentions that clearly had no merit or support in the law or facts of this case, it appears to the Court that counsel has done nothing more than inflate the legal costs for Roundup, a cost that very well may be passed on to the Debtor. A separate order will be entered consistent with this memorandum.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

In re:                                               )
                                                     )
TAMI GAYE HILL                                       )     CASE NO. 07-34157
                                                     )     CHAPTER 13
            Debtor                                   )
_____                      )

### ORDER

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

It is hereby **ORDERED** that the Debtor's Amended Objection to Claim of Roundup Funding, LLC is **OVERRULED**.

_____
David T. Stosberg
United States Bankruptcy Judge

Dated: November 24, 2008